IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>LAGRAND T. JOHNSON, an individual and trusee of the YOTSUYA FAMILY TRUST,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**<br><br>Case No. 2:19-cv-00534-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Plaintiff R. Wayne Klein was appointed as receiver in *United States v. RaPower-3, LLC, et al.*, Case No. 2:15-cv-00828-DN-EJF (D. Utah) ("*RaPower-3*"), over RaPower-3, LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC ("LTB1"), their subsidiaries and affiliates (collectively, the "Receivership Entities"), and the assets of Neldon Johnson and R. Gregory Shepard.[1] As the receiver in *RaPower-3*, Plaintiff moved to cancel IAS shares.[2] That motion was granted.[3]

For the benefit of the receivership estate, Plaintiff subsequently initiated this case to recover funds that are alleged to have been improperly transferred to Defendants from the Receivership Entities.[4] Defendant LaGrand Johnson asserted counterclaims against Plaintiff for

---

[1] Corrected Receivership Order ("*RaPower-3* Receivership Order"), ECF no. 491 in *RaPower-3*, filed Nov. 1, 2018.

[2] Receiver's Motion for Order Canceling Shares of International Automated Systems, Inc. ("Motion to Cancel IAS Shares"), ECF no. 682 in *RaPower-3*, filed May 27, 2019.

[3] Order Canceling International Automated System Inc.'s Shares ("IAS Cancellation Order"), ECF no. 719 in *RaPower-3*, filed July 8, 2019.

[4] Complaint, docket no. 2, filed July 26, 2019; Amended Complaint, docket no. 12, filed Sept. 9, 2019.

inverse condemnation and a *Bivens* violation of due process relating to the cancellation of the IAS shares.[5]

Plaintiff now seeks dismissal of Defendant's counterclaims under FED. R. CIV. P. 12(b)(1) ("Motion").[6] Because subject matter jurisdiction over Defendant's counterclaims is lacking, Plaintiff's Motion[7] is GRANTED. Defendant's counterclaims[8] are DISMISSED without prejudice.

## STANDARD OF REVIEW

Plaintiff moves to dismiss Defendant's counterclaims under FED. R. CIV. P. 12(b)(1),[9] which is "jurisdictional in nature."[10] In responding to the Motion, Defendant argues that "[u]nder the standards of review for a motion to dismiss . . . the allegations of the counterclaim must be taken as true and the court must draw all reasonable inferences in favor of the non-moving party."[11] Defendant is mistaken. Defendant identifies the standard of review for a motion under FED. R. CIV. P. 12(b)(6),[12] which differs from the standard of review on Plaintiff's Motion made under Rule 12(b)(1).

A Rule 12(b)(1) motion to dismiss may take one of two forms: The motion may be a facial attack that "questions the sufficiency of the complaint;"[13] Or, the motion may be a factual

---

[5] Answer, Jury Demand and Counterclaim ("Counterclaim") at 11-14, docket no. 6, filed Aug. 19, 2019.

[6] Plaintiff's 12(b)(1) Motion to Dismiss Defendant's Counterclaims ("Motion"), docket no. 13, filed Sept. 9, 2019.

[7] *Id*.

[8] Counterclaim at 11-14.

[9] Motion.

[10] *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

[11] Opposition to Plaintiff's Motion to Dismiss ("Response") at 7, docket no. 14, filed Sept. 23, 2019.

[12] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

attack that "challenge[s] the facts upon which subject matter jurisdiction depends."[14] When the challenge to the complaint is a facial challenge, "a district court must accept the allegations in the complaint as true."[15] However, on a factual challenge, the court is *not* required to accept the complaint's allegations as true and "may not presume" that they are true.[16] A factual Rule "12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint."[17] And the court enjoys "wide discretion to . . . resolve disputed jurisdictional facts.[18]

Plaintiff's Motion is a factual challenge under Rule 12(b)(1) because it challenges the facts underlying the purported jurisdiction over Defendant's counterclaims.[19] Plaintiff argues that the counterclaims are barred under the *Barton* doctrine and the *RaPower-3* Receivership Order.[20] Plaintiff also argues that he is immune from suit as a receiver.[21] Defendant argues in response that the *Barton* doctrine barring jurisdiction does not apply because Plaintiff's actions were *ultra vires*.[22] Defendant also argues that the issue of Plaintiff's immunity is not properly raised on a motion to dismiss.[23]

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 1003.

[17] *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

[18] *Id.*

[19] Motion at 3-11.

[20] *Id.* at 7-11.

[21] *Id.* at 11-12.

[22] Response at 2-6.

[23] *Id.* at 6-7.

## DISCUSSION

### Defendant's counterclaims are barred by the *Barton* Doctrine and the *RaPower-3* Receivership Order

Plaintiff argues that Defendant's counterclaims should be dismissed because Defendant did not obtain leave to bring them.[24] The United States Supreme Court held in *Barton v. Barbour* that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained."[25] The *Barton* doctrine bars claims based on a receiver's actions arising from their official duties, out of a concern that allowing receivers to be vulnerable to suit would render the courts unable to "preserve and distribute" relevant property.[26]

Defendant contends that the *Barton* doctrine does not apply if a receiver acted *ultra vires*.[27] But Defendant does not clarify which specific acts were outside of Plaintiff's court-appointed authority. In the *RaPower-3* Receivership Order, the court ordered Plaintiff to "provide a recommendation" regarding whether IAS should be "liquidated or dissolved."[28] The Receivership Order further directed that, should liquidation be appropriate, "the Receiver shall propose a liquidation plan."[29]

Plaintiff followed this directive and drafted a plan of liquidation[30] and moved for the cancellation of IAS shares.[31] The liquidation plan was adopted[32] and the court—not the

---

[24] Motion at 7-11.

[25] *Barton v. Barbour*, 104 U.S. 126, 128 (1881).

[26] *Id.* at 136.

[27] Response at 2-3.

[28] Receivership Order ¶ 85.

[29] *Id.*

[30] Receiver's Accounting, Recommendation on Publicly-Traded Status of International Automated Systems, and Liquidation Plan, ECF no. 552 in *RaPower-3*, filed Dec. 31, 2018.

[31] Motion to Cancel IAS Shares at 1.

[32] IAS Cancellation Order at 1.

Plaintiff—cancelled the IAS shares.[33] Plaintiff's acts were not *ultra vires*. They were within the scope of Plaintiff's court-appointed authority. Therefore, the *Barton* doctrine applies to Defendant's counterclaims. And because Defendant did not seek leave to file the counterclaims in *RaPower-3*, the *Barton* doctrine bars the counterclaims.

Additionally, and separate from the *Barton* doctrine, the court in *RaPower-3* ordered that ancillary "actions of any nature involving [] the Receiver in his capacity as Receiver" are "stayed until further order of this Court."[34] That stay of actions has not been lifted as to Defendant's counterclaims. Therefore, Defendant's counterclaims violate the stay of actions imposed in *RaPower-3*.

Because the *Barton* doctrine bars Defendant's counterclaims, and because the counterclaims violate the stay of actions imposed in *RaPower-3*, subject matter jurisdiction over the counterclaims is lacking.

### Defendant fails to address how Plaintiff is not immune from suit or how orders entered in *RaPower-3* may be challenged in this separate action

Defendant's counterclaim for inverse condemnation alleges a violation of constitutional rights by the cancellation of the IAS shares under a takings theory.[35] Defendant's counterclaim for a *Bivens* violation alleges that the cancellation of the IAS shares violated Defendant's due process rights.[36] Plaintiff argues that Defendant cannot succeed on either counterclaim because the cancellation of the IAS shares was court ordered and because Plaintiff is immune from suit.[37]

---

[33] *Id.* at 5.

[34] *RaPower-3* Receivership Order ¶ 44.

[35] Counterclaim at 12. Argument that IAS shareholders would lose property that they valued was raised in *RaPower-3*. Opposition to Receiver's Motion for an Order Canceling Shares of International Automated Systems Inc. at 3, docket no. 690 in *RaPower-3,* filed June 7, 2019. That argument was rejected. IAS Cancellation Order at 2 n.7.

[36] Counterclaim at 13.

[37] Motion at 7-12.

Defendant's counterclaims effectively seek collateral review of judicial orders entered in *RaPower-3* relating to Plaintiff's authority as a receiver and the cancellation of IAS shares. But "a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity."[38] This is the case even where constitutional violations are alleged.[39] Defendant fails to address how Plaintiff, acting as a receiver under court authority, is not immune from suit. And Defendant cites no legal authority that this separate action may challenge orders entered in *RaPower-3*. Therefore, subject matter jurisdictional over Defendants' counterclaims is lacking.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[40] is GRANTED. Defendant's counterclaims[41] are DISMISSED without prejudice for lack of subject matter jurisdiction.

Signed December 9, 2019

BY THE COURT

_____
David Nuffer
United States District Judge

---

[38] *Swain v. Seaman*, 505 F. App'x 773, 775 (10th Cir. 2012) (unpublished) (quoting *T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978)).

[39] *Id*.

[40] Docket no. 13, filed Sept. 9, 2019

[41] Counterclaim at 11-14, docket no. 6, filed Aug. 19, 2019.